UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAYNARD SHIRLEY,

        Plaintiff,

-vs-                                      NO. CIV 99-1161 LH/DJS

THE WACKENHUT CORPORATION; JOE R.
WILLIAMS, Warden, Lea County Correctional
Facility; and P. SHEPARD, Chairman of the
Segregation Committee,

        Defendants.

## MEMORANDUM OPINION

**THIS MATTER** is before the Court *sua sponte* on the Court's Motion to Dismiss. The Court, having considered the record in this case and the applicable law and being otherwise fully advised, finds that the Motion is well taken and will be **granted**.

*Pro se* Plaintiff Shirley initiated this Section 1983 suit while he was incarcerated. On November 30, 1999, he notified the Court by letter of his parole and change of address. On January 4, 2000, he filed a non-prisoner Financial Affidavit and Application to Proceed In Forma Pauperis, as directed by Magistrate Judge Svet, who granted the same. No subsequent activity by Plaintiff is reflected in the record.

On August 2, 2000, Judge Svet certified this case for hearing on contempt of court, pursuant to 28 U.S.C. § 636(e), on the following facts:

    1.    On March 31, 2000 an Initial Scheduling Order was entered directing the parties to complete a provisional discovery plan and an initial pre-trial report and

setting deadlines for the submission of those documents.  The order also directed the parties to appear for a scheduling conference on May 16, 2000.  Plaintiff failed to comply with any aspect of this order.

      2.      On May 31, 2000 an Order to Show Cause was entered, directing Plaintiff to Appear at a show cause hearing set for June 19, 2000 to show cause why sanctions should not be imposed for his failure to obey the initial Scheduling Order.  Plaintiff failed to attend the hearing.

      3.      On July 5, 2000, Plaintiff was ordered to pay sanctions of $1002.50 to Defendants' counsel for his failure to cooperate in discovery and his failure to obey the Court's orders.  The sanctions were due within eleven days of the entry of the order.  Plaintiff failed to pay the sanctions.

      4.      The Court's Order of July 6, 2000 warned Plaintiff that failure to obey the Court's orders could constitute contempt of court and that such failures would be referred to the District Court as contemptuous.  Plaintiff was further warned that failure to obey the Court's orders could result in dismissal of his suit.  Despite the warnings and sanctions detailed above, Plaintiff continued to disregard the Court's orders.

(Order (Docket No. 19), filed Aug. 2, 2000.)  On August 23, 2000, this Court issued an Order to Show Cause directing Plaintiff to appear before it on August 31, 2000, at 1:30 p.m., to show why he should not be held in contempt of court.  Plaintiff was specifically informed in the Order that his failure to comply could result in the dismissal of his lawsuit.  Plaintiff did not appear.

The Federal Rules of Civil Procedure provide the Court with ample means to deal with recalcitrant litigants.  *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Pursuant to Rule 16(f),

> [i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

FED. R. CIV. P. 16(f).  Rule 37 (b)(2) provides that

> if a party fails to obey an order entered under Rule 26(f) [Meeting of Parties; Planning

> for Discovery], the court in which the action is pending may make such orders in
> regard to the failure as are just, and among others the following:
> . . .
> (C)  An order . . . dismissing the action or proceeding or any part thereof . . . .

FED. R. CIV. P. 37(b)(2)(C).  Additionally, the Court has an "'inherent power' to 'levy sanctions in response to abusive litigation practices.'"  *Jones*, 996 F.3d at 264 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)).

Although it is an extreme sanction, this Court may dismiss an action with prejudice in the face of willful misconduct on the part of a plaintiff.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  In so doing, the Court not only penalizes the party whose conduct warrants the sanction, but also "discourages 'those who might be tempted to such conduct in the absence of such a deterrent.'"  *Jones*, 996 F.2d at 266 (quoting  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

In determining whether to dismiss an action with prejudice, the Court must consider a number of factors:

> (1) the degree of actual prejudice to the defendant,  (2) the amount of interference
> with the judicial process,  (3) the culpability of the litigant,   (4) whether the court
> warned the party in advance that dismissal of the action would be a likely sanction for
> noncompliance, and  (5) the efficacy of lesser sanctions.

*Id.* at 264 (citing *Ehrenhaus*, 965 F.2d at 921).  Although *pro se* litigants sometimes are held to less stringent standards than attorneys, *see, e.g., Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988), they "nevertheless must follow the same rules of procedure that govern other litigants," *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 142 (10th Cir. 1994)(quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993)).

In the instant case, Plaintiff's failure to participate in Court-ordered discovery and to obey

other Court orders to attend hearings and pay sanctions has prejudiced Defendants in terms of delay and mounting attorney's fees. Additionally, Plaintiff's conduct has adversely affected the Court's management of its docket and its efforts to minimize unnecessary burdens on the Court. Furthermore, Plaintiff's failure to follow the Court's orders has continued, despite warnings that failure to obey is sanctionable and can lead to dismissal. Indeed, Plaintiff has failed to prosecute his cause in any manner whatsoever and has had no contact with the Court in almost eight months.

Having considered all of these factors, the Court finds that the aggravating factors heavily outweigh the strong judicial policy of resolving cases on their merits and that dismissal with prejudice is appropriate. *See Ehrenhaus*, 965 F.2d at 921. Considering all of the circumstances before it, the Court is left with the inexorable conclusion that lesser sanctions would be ineffective in this instance and that dismissal of this case with prejudice is warranted.

An Order in accordance with this Memorandum Opinion shall be entered.

_____
UNITED STATES DISTRICT JUDGE